Hon. GEORGE ROGERS KING, } *Associate Justices.*
Hon. THOMAS SLIDELL, }

---

### THE MECHANICS AND TRADERS BANK *v.* LABICHE et al.

The omission of a person elected to the office of sheriff to give bond within twenty days from the date of his commission, as required by the stat. of 20 April, 1847, does not, *ipso facto*, operate a forfeiture of the office. If a bond be subsequently executed, he will be thereafter competent to execute process.

The omission by a sheriff to give a bond as collector of taxes, does not, *per se*, affect his capacity as to the execution of judicial process.

APPEAL from the District Court of St. Landry, *Overton, J.* Swayze, for the plaintiffs. *W. B. Lewis,* for the appellant, *Labiche,* cited La. Dig. p. 48, s. 259; p. 49, ss. 261, 263, 264; p. 51, ss. 269, 276; also, ss. 273, 274, 282. Const. arts. 83, 142. Acts of 1847, p. 108; of 1848, p. 85. *Linton,* appeared for the sheriff. The judgment of the court was pronounced by

SLIDELL, J. The return of citation states a service upon the defendant as made on the 28th April 1848, and is signed *Harrison Rogers,* sheriff. *Labiche* filed an exception in which he declined to answer, because no citation had been legally served upon him. He pleaded that *Rogers,* who assumed to act as sheriff of the parish of St. Landry, was not such sheriff, and had no authority to act as such, because he had not furnished his official bond with sureties, as by law required, within twenty days from the date of his commission; that such failure vacated the office; and that no subsequent enactment extending the period for furnishing an official bond, could cure the forfeiture of office created by the omission. By a further plea it was alleged that, he had not given any bond as collector of taxes.

*Rogers* was elected under the constitution of 1845. His commission bears

*ROST, J., was not present during this term.

date in November, 1847, and was received by him in December following. He executed his official bond on the 10th April, 1848, and took the oath on the 15th April, 1848. No bond has been given by him for the faithful collection of taxes.

Statutes enacted prior to the adoption of the present constitution have been cited by the defendant's counsel. Were those statutes applicable to the present enquiry, we would not be prepared to assent to the conclusions deduced from them by counsel. But, in our opinion, the subject is embraced and is controlled by the statutes of 1847 and 1848, enacted under the existing constitution in furtherance of the organization of the new system of government established by it.

The 83d article of the constitution ordains the election of sheriffs by the people. The act of April 20, 1848, provides that the public officers comprehended in its terms, shall execute their official bonds before the recorder &c., within twenty days from the date of their commissions, and before entering upon their duties. We find nothing in this language, nor in any other provision of this statute, which would justify us in holding that the omission of a sheriff to furnish his bond within the twenty days, *ipso facto*, operates a forfeiture. What power or remedy might in such case be exercised by the governor, or other department of the government, it is unnecessary to consider. No action has been taken by the governor, or other constituted authority. The State has claimed no forfeiture. We are clearly of opinion that, *Rogers*, a duly elected officer, did not cease, by the mere lapse of the twenty days to be clothed with such inchoate capacity as was conferred by his election and commission; and that when he gave his official bond on the 10th, and took his official oath on the 15th, April, 1848, he was competent to execute thereafter the process of the court.

We can still less entertain any difficulty upon this subject when we consider the statute of March 16, 1848, (Acts p. 85,) which gave an extension of thirty days to those sheriffs and tax collectors, "who have been already elected, and who have been unable to give bond under the existing laws." This statute is a clear legislative recognition of the interpretation we have given of the prior law. For if the office had become by the omission, *ipso facto*, vacant, it would have been an unconstitutional usurpation of power on the part of the legislature to clothe an individual with an office, which, under the constitution, could only be conferred by the popular suffrage. The unconstitutionality of a law, enacted as it is by the immediate representatives of the people, is not to be lightly pronounced. The conflict between the constitution and the law should be clear. We do not see any such incompatibility in the present case.

We are also of opinion that, the omission to furnish a bond as tax collector did not, *per se*, affect the capacity of the sheriff, with regard to the execution of judicial process.                    *Judgment affirmed.*